UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MELVIN R. WHITE,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 07-CV-176-CVE-FHM |
| **JOHN E. POTTER, Postmaster General, United States Postal Service,** | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) or, in the Alternative, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 10) filed by John E. Potter, Postmaster General, United States Postal Service ("USPS"). Plaintiff Melvin R. White filed a complaint on April 23, 2007 alleging discrimination in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102(2) ("ADA"). Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6) on the ground that plaintiff failed to timely file a formal complaint of discrimination with the Equal Employment Opportunity ("EEO") Compliance and Appeals Office. For the reasons set forth below, the Court finds that defendant's motion should be **granted**.

**I.**

USPS employed plaintiff for twenty-seven years. Dkt. # 10-5, at 1. Plaintiff is HIV positive and has been since 1986. Id. Plaintiff maintains that he disclosed his HIV status for the first time in April 2006, and that shortly after this disclosure, he was terminated from his job under false allegations of a safety violation. Dkt. # 10-2, at 3; see Dkt. # 11, at 1. USPS states that plaintiff was

"placed off the clock" because his supervisor believed plaintiff posed a safety risk to himself and others, after he walked in front of a moving forklift and was almost hit. Dkt. #10, at 1. A union steward informed plaintiff's supervisor that plaintiff suffered from "some type of dementia." Id. at 10. Plaintiff's supervisor subsequently requested that plaintiff undergo a fitness-for-duty examination. Dkt. # 10-2, at 3. The attending physician opined that plaintiff was "unable to return to work" for an "indefinite" period. Dkt. # 10-3, at 1. The physician's report diagnosed "HIV" and stated that plaintiff exhibited weakness and memory loss caused by antiviral medications. Id. Based on this report, USPS instructed plaintiff to remain off duty. Dkt. # 10-4.

Plaintiff subsequently contacted an EEO counselor, alleging disability discrimination. Dkt. # 10, at 2. Plaintiff's counselor at a local AIDS resource center "represented" plaintiff during the informal complaint process. Dkt. # 10-5, at 3. On September 5, 2006, the EEO counselor sent plaintiff and his AIDS center representative a Notice of Right to File Individual Complaint ("Notice") and a blank complaint form. Dkt. # 10-6, at 1-2, 4. The Notice advised plaintiff that he had the right to file a formal complaint of discrimination with the EEO Compliance and Appeals Office because his informal complaint had not been resolved. Id. The Notice further advised that plaintiff had 15 days from the date of receipt in which to file a formal complaint. Id. The EEO Compliance and Appeals Office did not receive plaintiff's formal complaint until December 11, 2006. Dkt. # 10-7, at 2. Neither plaintiff nor his attorney, who submitted the complaint, offered an explanation for the late filing.[1] Id. at 1-2. On January 10, 2007, the EEO Compliance and Appeals Office dismissed plaintiff's formal complaint as untimely. Dkt. # 10-8, at 1.

---

[1] Plaintiff did not seek advice from or present the Notice to his attorney until December 8, 2006, the date on which the formal complaint was mailed. Dkt. # 11, at 4; Dkt. # 11-5, at 2-3.

2

## II.

A motion to dismiss is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ramirez v. Dept. of Corrs., 222 F.3d 1238, 1240 (10th Cir. 2000). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a court must determine whether the plaintiff can establish that the court has jurisdiction over the defendant. In addressing whether dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate, a court may consider documents submitted by the parties to resolve any jurisdictional fact questions. See Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324-25 (10th Cir. 2002) (requiring conversion to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of the case). Here, the parties have submitted materials outside of the pleadings. The Court need not convert this motion to one for summary judgment, however, because the jurisdictional question is not intertwined with the merits of this case. Id. ("[T]he jurisdictional issue is whether [plaintiff] has exhausted her administrative remedies, a matter that is simply not an aspect of her substantive claim of discrimination.") Accordingly, the Court will consider the parties' proffered exhibits.

Additionally, defendant moves to dismiss alternatively under Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under 12(b)(6), the Court must determine whether plaintiff has stated a claim upon which relief may be granted. The Tenth Circuit has been less than clear in specifying whether a court must consider a plaintiff's failure to file a timely complaint under Rule 12(b)(1) or 12(b)(6). Compare Jones v. Runyon, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996) (distinguishing between the timely filing of an EEOC complaint, which is not jurisdictional, and the

3

outright failure file such a charge, which is jurisdictional); Douglas v. Norton, 167 Fed. Appx. 698, 705 (10th Cir. 2006) (holding that the district court should have reviewed the motion to dismiss for failure to file a timely complaint under 12(b)(6), as opposed to 12(b)(1)),[2] and Duran v. Ashcroft, 114 Fed. Appx. 368, 370 (10th Cir. 2004) (noting the district court's dismissal of the claims on both 12(b)(1) and 12(b)(6) grounds but reviewing the decision only under 12(b)(6)), with Sizova, 282 F.3d at 1324-25 (reviewing a motion to dismiss for failure to contact an EEO counselor within the statutory period under 12(b)(1)).  In Davis ex rel. Davis v. United States, 343 F.3d 1282, 1294 (10th Cir. 2003), however, the parties disputed whether Rule 12(b)(1) or 12(b)(6) applied to the district court's dismissal for failure to exhaust administrative remedies under Bureau of Indian Affairs' regulations.  Davis held that a court need not convert a 12(b)(1) motion into a motion under 12(b)(6) or Rule 56 unless the jurisdictional question is intertwined with the merits of the case.  Id. at 1296. Here, because the resolution of the jurisdictional question does not require resolution of an aspect of plaintiff's substantive ADA claim, see Sizova, 282 F.3d at 1324-1325, the Court will apply the 12(b)(1) framework.

### III.

The Court must resolve whether plaintiff's complaint should be dismissed in light of plaintiff's failure to exhaust his administrative remedies within the statutory period.  Plaintiff does not deny that he failed to file his formal complaint within 15 days of receiving the Notice, as required by 29 C.F.R. § 1614.106(b).  Plaintiff claims instead that his failure to file a timely formal complaint is excused by equitable tolling.

---

[2]  Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

The EEOC Compliance and Appeals Office must dismiss a complaint of discrimination if the complaint is not filed within the applicable time period.[3] 29 C.F.R. § 1614.107(a)(2)("[T]he agency shall dismiss an entire complaint . . . [t]hat fails to comply with the applicable time limits . . . ."). This applicable period may be equitably tolled under 29 C.F.R. § 1614.604(c), however, as long as the plaintiff "exercise[d] due diligence in preserving his legal rights." Irwin v. Dep't. of Veterans Affairs, 498 U.S. 89, 96 (1990). The Tenth Circuit permits equitable tolling only in "exceptional circumstances." Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996). To date, the Tenth Circuit has never held that a plaintiff's mental incapacity qualifies as an exceptional circumstance. Id.; see Harms v. Internal Revenue Serv., 321 F.3d 1001, 1006 (10th Cir. 2003) ("This court has never held that an individual's mental incapacity entitles him to equitable tolling."). Nevertheless, Biester outlines several factors to be considered in determining whether a plaintiff's alleged mental illness creates an exceptional circumstance, including: (1) whether plaintiff was adjudged incompetent or institutionalized; (2) whether plaintiff was capable of pursuing his own claim, notwithstanding his mental condition; and (3) whether plaintiff was represented by counsel throughout the entire statutory period. 77 F.3d at 1268. Notwithstanding these factors, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96.

Plaintiff argues that his failure to timely file a formal complaint is not attributable to excusable neglect but is instead "[d]ue to a memory loss associated with his medication for HIV."

---

[3]  The time limits applicable to Title VII also govern Title I of the ADA. See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1309 (10th Cir. 2005) ("Title I of the ADA, which prohibits employment discrimination on the basis of disability, explicitly incorporates the powers, remedies, and procedures of Title VII, making clear that the procedural requirements of those two provisions must be construed identically.").

Dkt. # 11, at 4. Plaintiff highlights that his union steward reported that plaintiff suffered from "some type of dementia." Dkt. # 11-2, at 3. Further, the attending physician in the fitness-for-duty examination opined that plaintiff exhibited weakness and memory loss caused by his medications. Dkt. # 11-3. Under these circumstances, plaintiff maintains that: (1) he did not have sufficient understanding of the Notice to file a complaint without the assistance of EEO counselors; (2) he was not "mentally capable of remembering to file the complaint" within the 15 day period; and (3) he was not represented by counsel "when he contacted the EEO complaining of discrimination, during the EEO investigation, []or at the time he was given the Notice."[4] Dkt. # 11, at 4.

The Court finds that plaintiff has failed to establish that any mental incapacity from which he suffered rose to the level of an exceptional circumstance. Plaintiff offers no evidence that he has been adjudged incompetent or committed to a psychiatric institution. While plaintiff maintains that he was not capable of pursuing his own claim, the evidence reveals that a counselor at the local AIDS resource center "represented" plaintiff during the informal complaint process. See Dkt. # 10-5, at 3; see also Dkt. # 10-2, at 2. Plaintiff provides no explanation for his inability to utilize this resource in supplementing his understanding of the Notice or ensuring his timely filing of the formal complaint. Moreover, while the Court acknowledges that plaintiff did not retain legal counsel until well after the passing of the statutory period, plaintiff does not explain why he was incapable of contacting an attorney until that time. Plaintiff proffers no evidence that his mental condition

---

[4] Plaintiff's argument is perplexing. He asserts that USPS speciously used the forklift incident as an excuse for his fitness-for-duty examination and subsequent discharge. In essence, he claims that his HIV status did not make him incapable of performing his duties without endangering himself or coworkers. Yet, at the same time, he maintains that his dementia was so severe that he could not understand the Notice, could not remember to file it within 15 days of receipt, and presumably, could not obtain legal counsel. Notwithstanding the Court's sympathy for plaintiff's condition, his argument is inherently inconsistent.

suddenly improved in December 2006. See Biester, 77 F.3d at 1268 (finding that the plaintiff's consultation with his attorney indicated sufficient capability of pursuing his own claim). Although legal counsel did not represent plaintiff during the 15 day statutory period, the EEO counselor did mail the Notice to plaintiff and his AIDS center representative. See Dkt. # 10-6, at 4. Again, plaintiff offers no explanation for his failure to utilize his AIDS center counselor, a resource who had been deemed his "representative" up to that point in time. See Dkt. # 10-5, at 3; Dkt. # 10-6, at 4. Even if plaintiff "was not able to appreciate the significance of the date he received the . . . notice, the evidence shows that he was not so incapacitated that he was unable to pursue his [claim]." Biester, 77 F.3d at 1268. "To excuse the failure to timely file under these circumstances would, in Judge Posner's words, 'trivialize the statute of limitations by promiscuous application of tolling doctrines.'" Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (quoting Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir. 1990)). The Court concludes, therefore, that plaintiff has failed to establish an exceptional circumstance which merits equitable tolling.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) or, in the Alternative, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 10) is **granted**. This action is dismissed. This is a final order terminating this case.

**DATED** this 15th day of October, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT